# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Wingspan Portfolio Advisors, LLC | § | Case No. 15-41255 |
| EIN: 0759 | § | |
| 18451 Dallas Parkway | § | |
| Dallas, TX 75287-5206 | § | |
| COLLIN-TX | § | |
| | § | |
| Debtor | § | Chapter 7 |

## MELBOURNE EMPLOYEES' OBJECTION TO MOTION TO COMPROMISE CONTROVERSY AND PERMIT PAYMENTS BY INSURER

COMES NOW, THE MELBOURNE EMPLOYEES, (Exhibit 1), and files their Objection to Motion to Compromise Controversy and Permit Payments by Insurer, (Doc. No. 183) and states the following:

## FACTUAL BACKGROUND

1. The Objectors are sixty four (64) former employees and unsecured priority creditors of the above styled Debtor and file this Objection pursuant to the provisions of Section 105 of the Bankruptcy Code and Fed. R. Bank. P. 9019.

2. The sixty four (64) Objectors have asserted 64 individual priority claims for WARN Act violations totaling $568,482.52.

3. The Debtor violated the Warn Act by conducting mass layoffs and plant closures without giving its employees adequate notice to seek employment or training opportunities elsewhere.

4. The Objectors Warn Act claims are a "priority wage claim under 11 U.S.C. § 507(a)(4)." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 980 (2017). They are entitled to fourth priority.

5. The Insureds, Steven Horne, Matt Cassell, Cesar Hernandez, Vikash Jain, Jim Robertson, Van Pardue, Remi Geahel, CitiWest, Inc., Rick Kneipper, Jason Spooner, David Harris, and John Frenzel are corporate insiders pursuant to 11 U.S.C. § 101(31).  (Doc. No. 1 Statement of Financial Affairs #21 and 22) and (Doc. No. 183-1 GAIC Policy).

6. Insureds Mathew R. Cassell, Steven Horne, and Vik Jain are Co-debtors concerning a debt owed to the Internal Revenue Service.  (Doc. No. 1 Schedule H)  That debt was claimed to be $1,968,757.46 by the Department of Treasury.  (Claim 90).

7. The tax debt is entitled to eighth priority.  11 U.S.C. § 507(8).

## MEMORANDUM OF LAW

**A.     Standard of Review**

"A bankruptcy court may approve a compromise settlement of a debtor's claim pursuant to Bankruptcy Rule 9019(a).  However, the court should approve the settlement only when the settlement is fair and equitable and in the best interest of the estate."  *Matter of Foster Mortg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

"When considering a compromise settlement, courts have applied various factors to ensure that the settlement is fair, equitable, and in the interest of the estate and creditor."  *Id.*

"One such factor relevant to the case sub judice is the fourth prong to the famous test offered by the Eighth Circuit in *Drexel v. Loomis*: the paramount interest of creditors with proper deference to their reasonable views."  *Id.*

**B.     The settlement proposed is not in the best interest of the estate because it has been reached between Insiders and the Trustee under circumstances which show they are working together to the detriment of other creditors.**

The rule is, "The court's scrutiny must be great when the settlement is between insiders and an overwhelming majority of creditors in interest oppose such settlement of claims."  *Foster*

*Mortg. Corp.* 68 F.3d at 919; *see also IN RE DEROSA-GRUND,* 567 BR 773, 793 (Bankr. Ct. S.D. Texas 2017) ("because the Proposed Settlement is with an insider, this factor weighs against approval of the agreement).

It is the stated goal of the Insiders that the GIAC settlement proceeds pay off their co-debts with the Internal Revenue Service in full.[1]  It was orally communicated to the undersigned that the Department of Treasury co-debt is approximately 1.5 million dollars.

Because the Warn Act claims have higher priority and the claim is $568,482.52 we are standing in their way.

The Melbourne Employees are concerned and object to the settlement because it appears that the Trustee and Insiders are working together against their interests.

The settlement agreement itself states. "[t]he Insureds covenant and agree to, and to cause its respective counsel, reasonably cooperate with the Trustee and her counsel with … the objections to claims of creditors, in the WPA Case and the WPH case." (Doc. No. 183-1 ¶7).

Indeed the more the Trustee and Insureds baselessly attack the Melbourne Employees the more they stand to gain from the GIAC settlement proceeds.

The Motion to Compromise Controversy and Permit Payments by Insurer does not adequately address the fact that Insider co-debtors will be receiving cash at the expense of other creditors and will be actively working with the Trustee to attack other valid claims.

It is unclear how this benefits anyone other than the Insiders.  Without any safe guards in place this is ripe for abuse by the Insiders and the Trustee.

---

[1]  "The purpose of my call was to explore whether you could resolve your WARN Act claims with the Trustee for an amount that would provide the estate with sufficient funds to pay off an IRS claim."  Email Jill Carvalho to Stephen Biggie April 10, 2017.  (Exhibit 2).

As ways of example not only will the Insiders be receiving a cash benefit by having their co-debts paid they will have the Trustee's attorneys attacking other creditors for them so they are essentially getting free legal representation at the expense of other creditors.

Therefore the Melbourne Employees object to the settlement.

**C.    The settlement proposed is not in the best interest of the estate because it has been reached between Insiders and the Trustee without adequate participation of the creditors.**

The rule is "The courts must give consideration and find dispositive: that nearly all creditors in interest opposed this settlement and that the settlement was reached between insiders without the participation of the creditors." *Foster Mortg. Corp.* 68 F.3d at 918.

This is an objection of sixty four (64) creditors that have priority over every other creditor in this case. The undersigned who represents all sixty four (64) creditors was not allowed to meaningfully participate in the settlement reached between the Trustee and the Insiders.

The Melbourne Employees were given three take it or leave it offers by the Trustee and GAIC.

First Jill Carvalho the attorney for GIAC proposed an offer of ten cents on the dollar.

Then Todd Hoodenpyle the attorney for the Trustee proposed that the Melbourne Employees accept 15 cents on the dollar.

The final offer was the Melbourne Employees would receive nothing and would only be assigned a DEC action against Thompson Health & Bond LTD that must defend employment related claims asserted against the Debtor.

These offers appeared unreasonable given the fact that the Melbourne Employees had the highest priority of any unsecured creditor and were even scheduled as priority claims by the

Debtor. Further none of these offers ever appeared to be serious because they were not made in writing. Despite the fact that six Melbourne Employees agreed to accept 15 cents on the dollar the agreement was never reduced to writing or followed through by the Trustee. (Exhibit 3).

Any attempts to negotiate were rebuffed with oral exclamations that they did not need to consult with the Melbourne Employees, if the Melbourne Employees refused to capitulate they would be sued, the Estate would object to the Melbourne Employees' priority and claim amounts, and the Estate would spend all settlement proceeds fighting their claims.

It is likely that the Trustee's attorney will show the Court a few congenial emails back and forth however it is our belief that they refused to address our concerns in any meaningful way.

If our claims were inflated send us payroll records so we can properly evaluate the claim. If the estate has a viable objection to priority why were the Melbourne Employees scheduled as priority claims. This would have allowed us to participate fully in a meaningful negotiation.

The Motion to Compromise Controversy and Permit Payments by Insurer does not adequately address the issue that this settlement was negotiated by the Trustee with Insiders without participation of the creditors.

Alarmingly the Motion does not even mention that some of Insiders are actually co-debtors that want settlement proceeds to pay their co-debts.

Finally the Melbourne Employees would like to know whether or not their claims will be objected to and why, how much the Trustee believes they will be paid under the terms of this agreement, how much other creditors will be paid under the terms of this agreement, how much the co-debtors will be paid under the terms of this settlement agreement, and if they intend to pursue the second insurance policy by Thompson Health & Bond LTD.

Most other creditors would probably want to know this information as well and why it was not actually addressed in the Trustee's Motion.

Therefore the Melbourne Employees object to the settlement.

**C.    The settlement proposed is not in the best interest of the estate because it is simply unequitable, unfair, and information is not being fully disclosed to the Court or the other Creditors.**

The rule is, a court "should carefully consider the wishes of the majority of the creditors." *Foster Mortg. Corp.* 68 F.3d at 918 (*citing In re Transcontinental Energy Corp.*, 764 F.2d 1296 (9th Cir.1985)).

The Voluntary Petition discloses multiple insider transactions to the Insureds totaling millions of dollars. (Doc. No. 1 Statement of Financial Affairs 3.C). It is unclear why the Estate is granting a release to those claims without fully investigating them or addressing whether or not they are fraudulent transfers in their motion.

In addition the Trustee fails to disclose to the Court the existence of a second insurance policy maintained by Thompson Health & Bond LTD which covers "any actual or alleged wrongful failure to employ or promote, train, create or enforce adequate workplace policies and procedures; and any actual or alleged misrepresentation made to an Employee or applicant for employment." (Exhibit 4 Sec. III H(3)(4)).

A Warn Act violation is essentially failing to tell the truth to your employees that their job is going to permanently end. 29 U.S. Code § 2102.

Under the policy Thompson Health & Bond LTD must defend employment related claims asserted against the Debtor, and must pay costs up to the Coverage Limit. (Exhibit 4 Sec. II A).

Initially the Melbourne Employees filed a Motion for Relief from Stay so they could pursue their claims outside of these proceedings. (Doc. No. 84). However the Trustee opposed that request because the insurance apparently refused to cover or defend the action. (Doc. No. 88).

The Estate was informed orally by Thompson Health & Bond LTD that there was no coverage however no coverage letter was ever provided to the Melbourne Employees by the Estate. (Exhibit 5).

The broad general release language could be misconstrued to affect claims against Thompson Health & Bond LTD. The settlement does not does not expressly exclude them therefore they do not adequately exclude them.

Therefore the Melbourne Employees object.

**WHEREFORE,** the Melbourne Employees Object to the Motion to Compromise Controversy and Permit Payments by Insurer respectfully submitted this 27th day of September 2017.

                                                    ARCADIER & ASSOCIATES, P.A.

                                                   */s/ Stephen Biggie, Esquire*
                                                   Stephen Biggie, Esquire
                                                   Attorney for Melbourne Employee Creditors

**Rule 9013(f)**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the following was served via mail to parties in interest contained on the attached mailing matrix who have not requested electronic service and via the electronic filing service to the following parties in interest that have requested electronic notice on this 27th day of September 2017.

Mark E. Andrews on behalf of Creditor JP Morgan Chase & Co.
mandrews@dykema.com, dandreacchi@dykema.com

Michael J. Biles on behalf of Creditor Jason Spooner
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Ceaser Hernandez
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party David Harris
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Jim Robertson
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party John Frenzel
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Matthew Cassell
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Remi Geahel
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Rick Kneipper
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Steven Horne
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Van Pardue
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Michael J. Biles on behalf of Interested Party Vik Jain
mbiles@kslaw.com, kbryan@kslaw.com;jworsham@kslaw.com

Duane J. Brescia on behalf of Creditor Level 3 Communications LLC
duane.brescia@strasburger.com,
donna.krupa@strasburger.com;bkrtcynotices@strasburger.com;Kathi.Alexander@strasburger.com

Michelle Chow
chowtrustee@swbell.net, mchow@iq7technology.com

Michelle Chow on behalf of Auctioneer Rosen Systems, Inc., Auctioneers
chowtrustee@swbell.net, mchow@iq7technology.com

Michelle Chow on behalf of Trustee Michelle Chow
chowtrustee@swbell.net, mchow@iq7technology.com

Vickie L. Driver on behalf of Creditor UnitedHealthcare Insurance Company
Vickie.driver@huschblackwell.com,
Crissie.Stephenson@huschblackwell.com;Georgia.Kimbrough@huschblackwell.com

Bryan L. Elwood on behalf of Creditor AA Cherry Creek, LLC
belwood@dykema.com

Lee Gordon on behalf of Creditor Denton County
vickie.covington@mvbalaw.com;kim.morriss@mvbalaw.com;sonya.ragsdale@mvbalaw.com

Courtney Hull on behalf of Creditor Texas Comptroller of Public Accounts
bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov

H. Jefferson LeForce on behalf of Creditor B.H. Melbourne Delaware, LLC
jleforce@leforcelaw.com

David McCall on behalf of Creditor COLLIN COUNTY
bankruptcy@ntexas-attorneys.com

Michael S. Mitchell on behalf of Creditor Collin County Tax Assessor/Collector
mike@demarcomitchell.com

Daniel I. Morenoff on behalf of Debtor Wingspan Portfolio Advisors, LLC
danmorenoff.service@gmail.com

Melissa L. Palo on behalf of Creditor Dallas County
melissa.palo@lgbs.com, matilde.alvarado@lgbs.com

Recovery Management Systems Corporation
claims@recoverycorp.com

Annapoorni R. Sankaran on behalf of Creditor AA Cherry Creek, LLC
sankarana@gtlaw.com

George C. Scherer on behalf of Creditor Lewisville Independent School District
scherer@txschoollaw.com, coston@txschoollaw.com

Michelle E. Shriro on behalf of Plaintiff Michelle H. Chow
mshriro@singerlevick.com, scotton@singerlevick.com,croote@singerlevick.com

Michelle E. Shriro on behalf of Trustee Michelle Chow

mshriro@singerlevick.com, scotton@singerlevick.com,croote@singerlevick.com

Laurie A. Spindler on behalf of Creditor City of Carrollton
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Laurie A. Spindler on behalf of Creditor City of Frisco
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Laurie A. Spindler on behalf of Creditor Dallas County
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Laurie A. Spindler on behalf of Creditor Lewisville Independent School District
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Marvin E. Sprouse, III on behalf of Creditor CyrusOne, LLC
msprouse@sprousepllc.com, sprouselawfirm@gmail.com

Patricia B. Tomasco on behalf of Creditor CP Gramercy LP
ptomasco@jw.com, kgradney@jw.com

Patricia B. Tomasco on behalf of Creditor CP I Gramercy, LP
ptomasco@jw.com, kgradney@jw.com

US Trustee
USTPRegion06.TY.ECF@USDOJ.GOV

Jennifer F. Wertz on behalf of Creditor CP Gramercy LP
jwertz@jw.com, kgradney@jw.com

Joesph Woodley on behalf of Interested Party 1500 North 19th, LLC
jwoodley@padwbc.com, mlawless@padwbc.com

ARCADIER & ASSOCIATES, P.A.

_/s/ Stephen Biggie_____
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Attorneys for Secured Creditors
2815 W. New Haven Ave., #304
W. Melbourne, Florida 32904

E-mail: office@wamalaw.com
Phone: (321) 953-5998
Fax: (321) 953-6075