**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WINGSPAN PORTFOLIO | § | Case No. 15-41255 |
| ADVISORS, LLC, | § | |
| | § | (Chapter 7) |
| Debtor. | § | |

**MOTION TO COMPROMISE CONTROVERSY**
**WITH TRIXY WEISS, MAPLETON REALTY ADVISORS, LLC**
**AND MAPLETON OPPORTUNITY FUND I, LLC**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Michelle Chow, Trustee files this Motion to Compromise Controversy with Trixy Weiss, Mapleton Realty Advisors, LLC and Mapleton Opportunity Fund I, LLC ("Motion") and would respectfully show the Court as follows:

1. On July 13, 2015 (the "Petition Date") Wingspan Portfolio Advisors, LLC filed a voluntary petition under Chapter 7.

2. Michelle Chow is the duly appointed Trustee.

3. Prior to the Petition Date, Debtor paid the sum of $275,000 to Mapleton Realty Advisors, LLC ("MRA"), and paid the sum of $275,000 to Mapleton Opportunity Fund I, LLC ("MOF"), both payments were made on or about June 13, 2014. Debtor paid the sum of $550,000 to

Trixy Weiss ("Weiss") on or about July 18, 2014 (Weiss, MRA and MOF will be referred to as "Payors"). Debtor paid the sum of $550,000 to Weiss on or about August 15, 2014. The Trustee contends that each of these payments were made pursuant to usurious loans in violation of Chapter 305 of the Texas Finance Code. The Payors deny such claims. After extensive negotiation, the Trustee and Payors (without admitting any liability whatsoever) have reached an agreement whereby Payors will pay $135,000.00 to the Trustee in exchange for mutual releases of any and all claims including those arising under 11 U.S.C. §502(h).

4. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

5. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

   a. the probability of success on the merits and the resolution of the dispute;

   b. the complexity of the litigation being settled;

   c. the expense, inconvenience and delay associated with litigating the dispute; and

   d. the paramount interests of creditors.

Foster Mortgage Corp. v. Connecticut General Life Ins. Co. (In re Foster Mortgage Corp.), 68 F.3d 914 (5th Cir. 1996); Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1158-59 (5th Cir. 1988), cert. denied, 105 S.Ct. 31 (1989); U.S. v. Aweco, Inc. (In re Aweco, Inc.), 752 F.2d 293, 298 (5th Cir. 1984), cert. denied, 469 U.S. 880 (1984).

6. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed

settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. <u>Texas Extrusion</u>, 844 F.2d at 1158-59; <u>Aweco</u>, 725 F.2d at 298.

7. In order to avoid the expense and uncertainty of litigation, the Trustee prays that the settlement be approved as being in the best interest of the estate and the creditors. The settlement would allow the estate to recover more than 90% of the claim without filing suit and avoiding the cost of litigation.

WHEREFORE, PREMISES CONSIDERED the Trustee prays that the Court approve the compromise and for such other and further relief as she may show herself justly entitled.

    Respectfully submitted,

    SINGER & LEVICK, P.C.

    By:    /s/Todd A. Hoodenpyle
           Michelle E. Shriro
           State Bar No. 18310900
           mshriro@singerlevick.com
           Todd Hoodenpyle
           State Bar No. 00798265
           hoodenpyle@singerlevick.com

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR
MICHELLE H. CHOW, TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and that a true and correct copy has been served on the party listed below as indicated, and on the attached service list via first class mail, postage prepaid on this 3rd day of October 2017.

*Via First Class Mail*
*and Via Email: jgersh@stubbsalderton.com*

Jeffery F. Gersh
Stubbs Alderton & Markiles, LLP
15260 Ventura Blvd., 20th Fl.
Sherman, Oaks, CA  91403

Attorney for Trixy Weiss, Mapleton Realty Advisors, LLC
and Mapleton Opportunity Fund I, LLC

    /s/Todd A. Hoodenpyle
Todd A. Hoodenpyle