**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WINGSPAN PORTFOLIO | § | Case No. 15-41255 |
| ADVISORS, LLC, | § | |
| | § | (Chapter 7) |
| Debtor. | § | |

**MOTION TO COMPROMISE CONTROVERSY**
**WITH EARL S. "DUKE" OLRICH, II, TRUSTEE OF THE OLRICH LIVING TRUST**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Michelle H. Chow, Trustee files this Motion to Compromise Controversy with Earl S. "Duke" Olrich, II, Trustee of the Olrich Living Trust ("Motion") and would respectfully show the Court as follows:

1. On July 13, 2015 (the "Petition Date") Wingspan Portfolio Advisors, LLC filed a voluntary petition under Chapter 7.

2. Michelle H. Chow is the duly appointed Trustee.

3. Prior to the Petition Date, Debtor paid the sum of $330,000 to Earl S. "Duke" Olrich, II, Trustee of the Olrich Living Trust ("Olrich") on or about July 18, 2014, and paid the sum of $330,000 to Olrich on or about August 15, 2014. The Trustee contends that each of these payments were made

pursuant to usurious loans in violation of Chapter 305 of the Texas Finance Code. Olrich denies such claims. After extensive negotiation, the Trustee and Olrich (without admitting any liability whatsoever) have reached an agreement whereby Olrich will pay $50,000.00 to the Trustee in exchange for mutual releases of any and all claims.

4. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

5. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

    a. the probability of success on the merits and the resolution of the dispute;

    b. the complexity of the litigation being settled;

    c. the expense, inconvenience and delay associated with litigating the dispute; and

    d. the paramount interests of creditors.

Foster Mortgage Corp. v. Connecticut General Life Ins. Co. (In re Foster Mortgage Corp.), 68 F.3d 914 (5th Cir. 1996); Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1158-59 (5th Cir. 1988), cert. denied, 105 S.Ct. 31 (1989); U.S. v. Aweco, Inc. (In re Aweco, Inc.), 752 F.2d 293, 298 (5th Cir. 1984), cert. denied, 469 U.S. 880 (1984).

6. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. Texas Extrusion, 844 F.2d at 1158-59; Aweco, 725 F.2d at 298.

7. In order to avoid the expense and uncertainty of litigation, the Trustee prays that the settlement be approved as being in the best interest of the estate and the creditors.

**MOTION TO COMPROMISE CONTROVERSY WITH EARL S. "DUKE" OLRICH, II,
TRUSTEE OF THE OLRICH LIVING TRUST – Page 2**

WHEREFORE, PREMISES CONSIDERED the Trustee prays that the Court approve the compromise and for such other and further relief as she may show herself justly entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   /s/Todd A. Hoodenpyle
Michelle E. Shriro
State Bar No. 18310900
mshriro@singerlevick.com
Todd A. Hoodenpyle
State Bar No. 00798265
hoodenpyle@singerlevick.com

16200 Addison Road, Suite 140
Addison, Texas  75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR
MICHELLE H. CHOW, TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and to all others listed on the attached service list via first class mail, postage prepaid on this 17th day of October 2017.

/s/Todd A. Hoodenpyle
Todd A. Hoodenpyle