IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | CASE NO. 15-41255-BTR | |
| WINGSPAN PORTFOLIO § | | |
| ADVISORS, LLC, § | (Chapter 7) | |
| § | | |
| DEBTOR. § | | |

| | | |
|---|---|---|
| MICHELLE H. CHOW, § | | |
| CHAPTER 7 TRUSTEE, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | ADVERSARY CASE NO. 17-04064 | |
| § | | |
| JPMORGAN CHASE BANK, N.A. § | | |
| and BANC ONE BUILDING CORP. § | | |
| § | | |
| Defendants. § | | |

**MOTION TO COMPROMISE CONTROVERSY WITH
JPMORGAN CHASE BANK, N.A. AND BANC ONE BUILDING CORP.**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU <u>MUST</u> FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING <u>*WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE*</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**

**IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

**IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**COMES NOW**, Michelle H. Chow, Chapter 7 Trustee, and files this, her *Motion to Compromise Controversy* ("**Motion**") with JPMorgan Chase, N.A. and Banc One Building Corp (collectively, "**Chase**") pursuant to 11 U.S.C. §105 and Fed. R. Bank. P. 9019 and, in support of same, would respectfully show unto the Court as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).  The relief requested herein is authorized under 11 U.S.C. §105 and Bankruptcy Rule 9019(a).

## II.  FACTUAL BACKGROUND

2. On July 13, 2015 ("**Petition Date**"), Wingspan Portfolio Advisors, LLC ("**Debtor**") filed a Voluntary Petition under Chapter 7 of the UNITED STATES BANKRUPTCY CODE.  Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**").

3. The Trustee filed an Adversary Complaint against Chase which was based upon preference and fraudulent transfer allegations arising pursuant to two different pre-petition transactions involving assets purchased by the Debtor in Melbourne, Florida and a lease executed by the Debtor for property located in Monroe, Louisiana.

4. In the Adversary Complaint, the Trustee alleges that, prior to the Petition Date, on February 6, 2013, the Debtor entered into a Master Agreement with Chase under which the Debtor would provide mortgage services to Chase at its Melbourne, Florida location.  On the same date, the Debtor entered into an Asset Purchase Agreement ("**APA**") with Chase to purchase from Chase the

"**Transferred Assets**" (as defined in the APA) used in the mortgage servicing business at a site in Melbourne, Florida. The "**Purchase Price**" (as defined in the APA) was the sum of $1,122,000.00.

5. The Trustee further alleges that, in conjunction with the Master Agreement and the APA, Chase required the Debtor to take over its lease at the Melbourne location. On February 6, 2013, Wingspan signed an Office Lease Agreement ("**Melbourne Lease**") with BH Melbourne Delaware, LLC ("**Melbourne Landlord**"). When the Melbourne Lease terminated, the Melbourne Landlord claimed to be the owner of the Transferred Assets.

6. The Trustee has alleged that, on February 22, 2013, rather than pay Chase for the Transferred Assets, the Debtor sent a wire in the amount of $1,122,000.00 to Banc One ("**F&F Transfer**"). The Trustee argues that, according to the books and records of the Debtor, the Debtor was not indebted to Banc One.

7. In addition, the Debtor entered into a lease with Chase in connection with the Monroe, Louisiana location ("**Monroe Lease**"). Under the terms of the Monroe Lease, the Debtor was liable for certain property taxes. The Trustee argues that the Debtor paid the amount of $59,407.89 twice -- once directly to the Ouachita Parish Tax Assessor and the other time directly to Chase.

8. On or about July 13, 2017, the Trustee filed an adversary complaint ("**Adversary**") against Chase and Banc One, seeking to (a) avoid all Ninety Day Transfers to Chase; (b) recover the Ninety Day Transfers, or the value thereof, from Chase; (c) recover the F&F Transfer, or the value thereof, from Chase and Banc One; (d) recover a duplicate payment in the amount of $59,407.87; (e) attorneys' fees; and (f) pre- and post-Judgment interest.

9. Chase has disputed both the legal and the factual allegations raised by the Trustee in the Adversary, and maintains that it has no fault or liability for any of the claims asserted by the Trustee in the Adversary Complaint.

10. On March 21, 2018, after extensive negotiations, and without accepting any liability or fault, the Trustee and Chase reached an agreement whereby Chase agreed to pay the Trustee the sum of Two Hundred Thousand and 00/100ths Dollars ($200,000.00) ("**Settlement Payment**") in exchange for a release of all claims against Chase by the Trustee and/or the Bankruptcy Estate of Wingspan, as well as a release of claims by Chase against the Trustee and/or the Bankruptcy Estate of Wingspan.

### III. TERMS OF SETTLEMENT

11. Subject to Court approval of the Settlement Agreement attached hereto as **Exhibit A**, Chase will pay the Settlement Payment to the Trustee in full and final satisfaction of any and all claims now pending or that may in the future be brought by the Trustee on behalf of the Bankruptcy Estate of Wingspan against Chase. When the Trustee receives the Settlement Payment, the Trustee will dismiss the Adversary with prejudice to refiling. Nothing in this Motion is intended to modify the terms of the Settlement Agreement. The terms of the Settlement Agreement, as finally executed by the parties, shall control.

### IV. RELIEF REQUESTED

12. Pursuant to FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), the Trustee requests that the Court approve the foregoing settlement. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

    a. the probability of success on the merits and the resolution of the dispute;

    b. the complexity of the litigation being settled;

    c. the expense, inconvenience and delay associated with litigating the dispute; and

    d. the paramount interests of creditors.

*Foster Mortgage Corp. v. Connecticut General Life Ins. Co.* (*In re Foster Mortgage Corp.*), 68 F.3d 914 (5th Cir. 1996); *Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *U.S. v. Aweco, Inc.* (*In re Aweco, Inc.*), 725 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

13. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the settlement so that the Court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. *Texas Extrusion*, 844 F.2d at 1158-59; *Aweco*, 725 F.2d at 298.

14. A Court should determine that the proposed settlement is in the best interests of the Bankruptcy Estate. *Connecticut General Life Insurance Co.*, 68 F.3d 914, 917 (5th Cir. 1995). In this regard, the Fifth Circuit has enunciated the standards applicable to a Court's evaluation of proposed settlements. The Court should compare the relative strengths and weaknesses of each party's claims and the probability of success for each of the parties should the claims and disputes be litigated. The Court should further evaluate (i) the complexity, expenses and likely duration of litigation, (ii) the potential harm to the bankruptcy Estate caused by the delay and cost of litigation, (iii) the possible difficulties associated with collection of any judgment which the Estate may obtain, and (iv) whether the settlement is fair and equitable to the relative benefits being obtained by the Estate, the creditors and parties in interest. *Connecticut General Life Insurance Co.*, 68 F.3d at 917; *In re Jackson Brewing Co.*, 624 F.2d 599, 609 (5th Cir. 1980); *United States v. Aweco, Inc. (In re Aweco, Inc.)*, 725 F.2d 293, 298 (5th Cir. 1984).

15. The Trustee believes that the settlement is fair and equitable. Specifically, in applying the "fair and equitable" test, the probability of success and award of damages in the Adversary with Chase is uncertain. Although the Trustee believes she has viable claims to assert in a lawsuit, the risk certainly exists that in a lawsuit, Chase could prevail on one or more of their defenses. The claims

involved in the lawsuit could raise complex legal issues, and it is likely that motion practice and discovery would be extremely lengthy, involve the production of thousands of documents, and require numerous depositions, as well as discovery of the experts. In short, the pleading, discovery and trial of a lawsuit could last for many months, if not years. Accordingly, the legal costs and disbursements to the Trustee and the Bankruptcy Estate will be significant. Since this case is settling at an early stage prior to the inception of discovery, the resolution of this case provides an additional benefit as significant legal fees will be avoided.

16. Given the foregoing, the Trustee, having exercised her business judgment and concluded that this settlement is in the best interests of the Debtor's Estate, urges the Court to consent to the settlement which will result in a significant recovery to the Estate.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the Trustee prays that the Court approve the requested compromise and for such other and further relief as she may show herself to be justly entitled.

**DATED this 11th day of May 2018.**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/   Michelle E. Shriro
      Michelle E. Shriro
      State Bar No. 18310900
      Todd A. Hoodenpyle
      State Bar No. 00798265

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

ATTORNEYS FOR MICHELLE H. CHOW, TRUSTEE

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, and to the parties shown below and on the attached Service List via first-class mail, postage prepaid, on this 11th day of May 2018.

**ATTORNEY FOR CHASE and BANC ONE**
Aaron M. Kaufman
Dykema Cox Smith
1717 Main Street, Suite 4200
Dallas, TX 75201
Email: akaufman@dykema.com

   /s/   Michelle E. Shriro
Michelle E. Shriro